ELECTRONICALLY FILED
2024 Mar 06 PM 3:58
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER: SN-2024-CV-000169
PII COMPLIANT

**IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS**
Division _____

| | |
|---|---|
| **KANSAS MASONIC FOUNDATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. _____ |
| ) | |
| **AUTO-OWNERS INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Kansas Masonic Foundation, Inc., by and through its attorneys, Susan L. Mauch and Jessica L. Freeman of Goodell, Stratton, Edmonds & Palmer, LLP, and petitions this Court for declaratory judgment as to application and coverage of an insurance policy to a particular claim and states and alleges as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Kansas Masonic Foundation, Inc. ("KMF"), is a Kansas not-for-profit corporation with its principal place of business in Shawnee County, Kansas at 221 SW 33rd Street, Suite 100, Topeka, Kansas 66611.

2. Defendant Auto-Owners Insurance Company ("Auto Owners") is an insurance company licensed to do business in the State of Kansas and may be served with process by serving the Commissioner of Insurance of the State of Kansas in accordance with K.S.A. 40-218.

3. This Court has jurisdiction pursuant to K.S.A. 60-1701 and K.S.A. 60-257.

4. Venue is proper in Shawnee County, Kansas pursuant to K.S.A. 60-604(2) and (3).

**Facts**

*a. KMF's Insurance Policy Information*

5.     On or about July 1, 2020, and continuing through July 1, 2023, KMF purchased three consecutive 1-year general liability, property and crime coverage insurance policies from defendant insurer Auto Owners (collectively "the Auto Owners Policies"). Those policies are as follows:

| Policy Number | Policy Term |
|---|---|
| 204613-75896443 – 20 | July 1, 2020 – July 1, 2021 |
| 204613-75896443 – 21 | July 1, 2021 – July 1, 2022 |
| 204613-75896443 – 22 | July 1, 2022 – July 1, 2023 |

The Auto Owners Policies are attached hereto as Exhibit A (Policy Term July 1, 2020 – July 1, 2021), Exhibit B (Policy Term July 1, 2021 – July 1, 2022) and Exhibit C (Policy Term July 1, 2022 – July 1, 2023).

6.     During all times relevant to this action and prior to the purchase of the Auto Owners Policies, KMF purchased one 3-year general liability policy with Cincinnati Insurance ("the Cincinnati Policy") and four consecutive 1-year general liability policies with New Hampshire Insurance Company ("the New Hampshire Policies"). Those policies were as follows:

| Cincinnati Insurance Policy Number | Policy Term |
|---|---|
| EPP 019 83 80 | July 1, 2013 – July 1, 2016 |
| **New Hampshire Policy Number** | **Policy Term** |
| 01-LX-011395277-0 | July 1, 2016 – July 1, 2017 |
| 01-LX-011395277-1 | July 1, 2017 – July 1, 2018 |
| 01-LX-011395277-2 | July 1, 2018 – July 1, 2019 |
| 01-LX-011395277-3 | July 1, 2019 – July 1, 2020 |

*b. Commercial Crime Coverage*

7. The terms and conditions of each of the Auto Owners Policies were substantially similar and included Commercial Property Coverage, Commercial General Liability Coverage, and Commercial Crime Coverage.

8. Commercial Crime Coverage for the Auto Owners Policies included a $1,000,000.00 limit for A-Blanket Employee Dishonesty. Exhibit A, pg 18; Exhibit B, pg 181; Exhibit C, pg 346.

9. For each policy year, the Commercial Crime Coverage required payment of additional annual premiums in the amounts of $302 for the 2020-2021 policy, $425 for the 2021-2022 policy, and $425.00 for the 2022-2023 policy.

10. KMF timely paid its premiums for the Auto Owners Policies.

*c. KMF's Loss*

11. On or about September 7, 2022, KMF discovered its employee executed a scheme to obtain funds from KMF's financial institution without permission or authority, resulting in a total loss of approximately $554,491.14 ("the Loss").

12. Between August 14, 2015 until discovery of the employee dishonesty on or about September 7, 2022, the employee issued 347 checks to herself and altered KMF's bookkeeping records in such a way as to disguise and conceal her dishonesty.

*d. Commercial Crime Coverage*

13. The Auto Owners Policies each include the following provision in their Commercial Crime Coverage - Crime General Provisions, providing coverage for losses sustained during any prior insurance if certain conditions are met ("Prior Insurance Provision" or "GC 10"):

3

> **10. Loss Sustained During Prior Insurance**
>
> a. If you, or any predecessor in interest, sustained loss during the period of any prior insurance that you or the predecessor in interest could have recovered under that insurance except that the time within which to discover loss had expired, we will pay for it under this insurance, provided:
>
> (1) This insurance became effective at the time of cancellation or termination of the prior insurance; and
>
> (2) The loss would have been covered by this insurance had it been in effect when the losses were committed or occurred.
>
> b. The insurance under this Condition is part of, not in addition to, the Limits of Insurance applying to this insurance and is limited to the lesser of the amount recoverable under:
>
> (1) This insurance as of its effective date; or
>
> (2) The prior insurance had it remained in effect

Exhibit A, pg. 157; Exhibit B, pg. 322; Exhibit C, pg. 487.

14. Each of the Auto Owners Policies contains an additional prior insurance provision with language identical to GC 10 in the Employee Dishonesty Endorsement, General Condition 7. Exhibit A, pg. 50; Exhibit B, pg. 213; Exhibit C, pg. 378.

15. Each of the Auto Owners Policies referenced above constituted a valid and subsisting contractual agreement to which Auto Owners was obligated and bound as a matter of state law.

16. KMF has at all times since its initial purchase of insurance with Auto Owners, complied with and otherwise satisfied all of the terms and conditions precedent in KMF's Auto Owners insurance agreements.

17. Each of the eight insurance policies, namely the Cincinnati Policy, the New Hampshire Policies and the Auto Owners Policies, provide coverage for a portion of the period in

which the Loss was incurred and each subsequent policy became effective when the prior policy was terminated or cancelled so there were no gaps in insurance coverage.

18.     The portion of the Loss incurred from KMF's employee's dishonesty would have been covered by each of the preceding insurance policies for the period during which each policy was in effect but for the expiration of each prior policy's discovery period.

*e. KMF's Claims*

19.     KMF submitted a claim for a portion of the Loss for its employee's dishonesty which occurred prior to July 1, 2020, under the New Hampshire Policies on or about October 18, 2022.

20.     New Hampshire Insurance denied KMF's claim on the basis that the loss was discovered outside the discovery period.

21.     KMF first reported the Loss to Auto Owners on September 7, 2022, and submitted claim number 300-0564341-2022 ("First Auto Owners Claim") on or about October 11, 2022, for portions of the loss that occurred between July 1, 2020 and September 7, 2022, under the 2022-2023 Auto Owners Policy.

22.     Auto Owners paid KMF's First Auto Owners Claim in the amount of $137,152.54 on or about January 4, 2023. Exhibit D.

23.     On or about June 26, 2023, KMF submitted claim number 300-0273071-2023 ("Prior Insurance Claim") to Auto Owners for $410,000.00, invoking coverage under the 2022-2023 Policy's Commercial Crime Coverage Prior Insurance Provision.

24.     KMF's Prior Insurance Claim requested coverage for the remaining portions of the Loss occurring between August 29, 2015 (the start of the loss) through March 17, 2020 and which were not included in KMF's First Auto Owners Claim.

25. On October 17, 2023, Auto Owners denied KMF's Prior Insurance Claim as shown by the attached Exhibit E. That denial references portions of the Auto Owners Policies that are not applicable to the Prior Insurance Claim or that render the Prior Insurance Provision without meaning.

### Need for Declaratory Judgment

26. The instant proceeding seeks a determination of the construction of the contract between KMF and Auto Owners as evidenced by the Auto Owners Policies.

27. KMF has suffered harm because it paid for the Prior Insurance Provision coverage in the Auto Owners Policies, which has been denied.

28. Other provisions in the Auto Owners Policies may operate to provide coverage for all or part of the Loss.

29. By not specifically raising such terms and provisions at this time, KMF does not intend to relinquish or waive its rights under those provisions. To the contrary, KMF continues to reserve its rights to assert any such additional provisions if and when appropriate.

### Requested Judgment

30. KMF requests that the Court enter an order and judgment as follows:

   a. A judicial declaration that Auto Owners' obligations to its insured KMF are governed by and subject to the plain language of the Auto Owners Policies which requires Auto Owners to provide coverage for KMF's Prior Insurance Claim under all of KMF's prior insurance policies, including the Cincinnati Policy, the New Hampshire Policies and the Auto Owners Policies, and enter a money judgment in favor of KMF and against Auto Owners in the amount of

    KMF's Prior Insurance Claim of $410,000.00, subject to each policy limitation and deductible;

b. In the alternative, if this Court finds that the plain language of the Auto Owners Policies as drafted by Auto Owners is ambiguous, a judicial declaration that the Auto Owners Policies must be construed in favor of insured KMF and enter a money judgment in favor of KMF and against Auto Owners in the amount of KMF's Prior Insurance Claim of $410,000.00, subject to each policy limitation and deductible;

c. Enter a money judgment in favor of KMF and against Auto Owners in an amount equal to KMF's attorneys' fees, including any appeal, as allowed by Kansas law pursuant to K.S.A. 40-256 because Auto Owners has refused to pay the Prior Insurance Claim without just cause or excuse; for an award of prejudgment interest, post-judgment interest, costs and expenses as allowed under Kansas law; and for such other relief as this court may deem appropriate under the circumstances.

        Respectfully submitted,

        */s/* Susan L. Mauch
        Susan L. Mauch - # 15295
        Jessica L. Freeman - # 29216
        Goodell Stratton Edmonds & Palmer LLP
        515 S. Kansas Avenue
        Topeka, KS 66603
        T: (785) 233-0593
        F: (785) 233-8870
        slmauch@gseplaw.com
        jfreeman@gseplaw.com
        Attorneys for Plaintiff Kansas Masonic Foundation, Inc.